UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| JAMIE PATRICK EDGTTON, | Case No. 6:24-cv-01839-MTK |
| Plaintiff, | **ORDER** |
| v. | |
| ALBANY POLICE DEPARTMENT; BENJAMIN ARTHUR; BUCK PEARCE, | |
| Defendants. | |

KAUBHAI, District Judge.

     Plaintiff, a self-represented adult in custody (AIC) at the Linn County Jail, filed this civil rights action pursuant to 42 U.S.C. § 1983 and alleged that City of Albany police officers used excessive force against while arresting him on April 26, 2024. Defendant now move to dismiss this action on grounds that it is duplicative and redundant with a previous action filed by Plaintiff. *See* Case No. 6:24-cv-01693-MTK.

     Plaintiff's claims in this action arise from his arrest by City of Albany police officers on April 26, 2024. Plaintiff alleges that, as he was approached by officers at a local motel, Officer Arthur gave his police canine the "bite command" and released the dog to bite Plaintiff. Comp. at 3. Plaintiff claims that the dog latched onto him for over a minute and officers had to use a "bite

- 1 -   **ORDER**

bar" to force the dog release Plaintiff. Plaintiff alleges that he suffered injuries as a result, including continuing nerve pain and numbness. *Id.* at 4.

Plaintiff's claims in Case No. 6:24-cv-01693-MTK arise from the same arrest. There, Plaintiff alleges that officers used excessive force by releasing the police canine to bite him and by tackling and assaulting him. Plaintiff also alleges that officers had no lawful basis to arrest him and conducted an unlawful, warrantless search of his backpack.

Defendants are correct that Plaintiff's claims in both cases arise from the same incident and allege generally similar facts. However, Defendants are incorrect that the cases involve identical parties, as Plaintiff names Officer Arthur as a Defendant in this action and does not name Officer Arthur as a Defendant in Case No. 6:24-cv-01693. Officer Arthur has not been served in Case No. 6:24-cv-01693, and the Court would not dismiss this action outright without allowing Plaintiff the opportunity to add Officer Arthur as a Defendant that case.

Further, the Court has issued a stay in Case No. 6:24-cv-01693 due to pending state criminal charges against Plaintiff that followed his arrest on April 26, 2024. *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) (explaining that a stay is appropriate in a civil case when the plaintiff is facing criminal charges related to the asserted civil claims). I am not inclined to order Plaintiff to amend his allegations in 6:24-cv-1693 and add Officer Arthur as a Defendant while the case is stayed and Plaintiff is facing related criminal charges. Instead, in the interests of judicial economy and the protection of Plaintiff's Fifth Amendment rights, I exercise my discretion to stay this action during the pendency of Plaintiff's state criminal proceeding.

Once Plaintiff's criminal charges are resolved, the Court will ascertain which claims in 6:24-cv-1693 and 6:24-cv-1839 may proceed and Plaintiff will be required to amend and/or consolidate his claims accordingly.

- 2 -   **ORDER**

**CONCLUSION**

Defendants' Motion to Dismiss (ECF No. 13) is DENIED. This action is HEREBY STAYED pending the resolution of Plaintiff's state criminal charges. Plaintiff shall provide the Court with a status report of his criminal case by April 3, 2026.

IT IS SO ORDERED.

DATED this 23rd day of September 2025.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States District Judge
